SEALED

FILED
U.S. DISTRICT COURT
DISTRICT OF KANSAS
'09 FEB 13 P2:27
CLERK U.S. DISTRICT COURT
BY DEPUTY CLERK
AT WICHITA, KS

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF KANSAS

| IN RE: | Letter Rogatory to Finland in the Investigation of Lazare Kabaya Kobagaya | : | Case No. 09-10005-01 |
|---|---|---|---|
| | | : | Under Seal |

**MEMORANDUM OF LAW IN SUPPORT OF GOVERNMENT'S MOTION FOR ISSUANCE OF A LETTER ROGATORY**

I. UNITED STATES DISTRICT COURTS HAVE THE POWER TO ISSUE REQUESTS FOR FOREIGN JUDICIAL ASSISTANCE

Requests for judicial assistance, or "letters rogatory," are formal requests from a court of one nation to the judiciary of a foreign nation enlisting the assistance of the latter in obtaining evidence. The execution of a request for judicial assistance by the foreign court is based on comity between nations at peace. United States v. Zabady, 546 F. Supp. 35, 39 n.9 (M.D. Pa. 1982); The Signe, 37 F. Supp. 819, 820 (E.D. La. 1941).

The power of federal courts to issue letters rogatory derives from 28 U.S.C. § 1781 and from the court's "inherent" authority. United States v. Reagan, 453 F.2d 165, 171-73 (6th Cir. 1971), cert. denied, 406 U.S. 946 (1972); United States v. Staples, 256 F.2d 290 (9th Cir. 1958); United States v. Strong, 608 F. Supp. 188, 192-94 (E.D. Pa. 1985); B & L Drilling Electrics v. Totco, 87 F.R.D. 543, 545 (W.D. Okla. 1978).

Federal courts also possess power to execute letters rogatory at the request of foreign tribunals. 28 U.S.C. § 1782; In Re Request for Assistance from Ministry of Legal Affairs of Trinidad and Tobago, 648 F. Supp. 464 (S.D. Fla. 1986), aff'd, 848 F.2d 1151 (11th Cir. 1988),

cert. denied, 488 U.S. 1005 (1989); In Re Request From the Crown Prosecution Service of the United Kingdom, 870 F.2d 686 (D.C. Cir. 1989); In Re Request for Judicial Assistance from Seoul, 555 F.2d 720 (9th Cir. 1977); In Re Letter Rogatory for Justice Court, 523 F.2d 562 (6th Cir. 1975).

Evidence, including documents and the testimony of witnesses, may properly be sought by means of a request for foreign judicial assistance before or after formal charges have been made. United States v. Reagan, 453 F.2d at 173 n.4; In Re Grand Jury 81-2, 550 F. Supp. 24, 29 (W.D. Mich. 1982); United States v. Strong, 608 F. Supp. at 194.

## II. THE PROCEDURE FOR THE ISSUANCE OF REQUESTS FOR FOREIGN JUDICIAL ASSISTANCE IS BY APPLICATION TO THE REQUESTING COURT

The Federal Rules of Criminal Procedure are silent as to the procedure for issuance of requests for judicial assistance. Case law, however, suggests that applications may be made ex parte. A request for foreign judicial assistance seeking documents is similar to the issuance of a subpoena duces tecum, which a prosecutor may obtain either pre-indictment or post-indictment without notice to the adverse party. Rule 17, Fed. R. Crim. P.; see also United States v. Reagan, 453 F.2d at 173 (approving *ex parte* issuance of a request for foreign judicial assistance in obtaining records in a criminal investigation before the indictment had been returned).

A request for foreign judicial assistance in obtaining a statement from an individual who is potentially a trial witness also should be obtained *ex parte* because the statement sought is not testimony to be preserved for use at trial and, therefore, Rule 15, Fed. R. Crim. P., does not apply. This is so as to both pre-indictment and post-indictment statements.

Respectfully submitted,

ELI M. ROSENBAUM
Director, Office of Special Investigations, Criminal Division, United States Department of Justice

CHRISTINA P. GIFFIN
Senior Trial Attorney
Office of Special Investigations
Criminal Division, United States Department of Justice

MARIETTA PARKER
Acting United States Attorney

ALAN METZGER
Assistant United States Attorney

Date: February 3, 2009