IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 09-10005-01-MLB |
| LAZARE KOBAGAYA, | ) |
| Defendant. | ) |

**UNOPPOSED MOTION FOR COMPLEX CASE DESIGNATION
AND TO RESET DISCOVERY SCHEDULE**

**I.   INTRODUCTION**

The government respectfully moves this Court to designate this case as complex under 18 U.S.C. § 3161(h)(8)(B)(ii), extend the discovery deadlines by eight months and vacate the current trial date.  The nature of the evidence involved in this case, together with novel questions of fact and law, present unique and difficult issues of case management necessitating an extended schedule.  The government has conferred with counsel for defendant who concurs with this motion.  The parties request that the Court schedule a status conference at the conclusion of the eight months, on or about January 15, 2010, to address any outstanding discovery issues and schedule a trial date.

**II.   DISCUSSION**

The Speedy Trial Act generally requires that trial of a criminal matter commence within seventy days from the date on which an indictment is made public.  18 U.S.C. § 3161(c)(1).

However, the Act contains a number of means by which the seventy day trial clock can be tolled. 18 U.S.C. § 3161(h). Specifically, the Act states *inter alia*:

> The following periods of delay shall be excluded in computing the time within which . . . the trial of any such offense must commence . . . Any period of delay resulting from a continuance granted by any judge . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. . . . The factors, among others, which a judge shall consider in determining whether to grant a continuance . . . are . . . [w]hether the case is so unusual or complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions or fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

18 U.S.C. § 3161(h)(8)(B)(ii).

This case merits complex case designation under § 3161(h)(8) due to the nature of the prosecution and because it presents novel questions of fact and law.

    **A.**    **Nature of the Prosecution**

The facts of this case revolve around the 1994 genocide in Rwanda during which 500,000 to 800,000 people were killed over the course of approximately 100 days. The evidence necessary to prove this case poses several unusual challenges which support the need for additional trial preparation time.

Documentary evidence gathered to date includes approximately 7,000 pages of documents obtained in Rwanda and written in the native language of that country, Kinyarwanda. Qualified and trustworthy translators fluent in both Kinyarwanda and English have proved

difficult to find.[1]  The government currently has access to the part-time services of two such translators.  The vast majority of 7,000+ pages of Rwandan documents contain handwritten portions and some documents are entirely handwritten.  Based on our experience to date, the government estimates that it would take four to six weeks of full time work with these translators in order to fully inventory the documents gathered in Rwanda and determine which documents are relevant and material to the case.[2]  The government does not have access to its translators full-time, however, and estimates that eight to ten weeks is a more realistic time line.  Additional time will be needed to translate any document that will be used as evidence.

In addition to the Rwandan documents, hundreds of additional pages of documents and hundreds of photographs were seized from defendant's home during the execution of a search warrant.  The documents appear to be written in at least five different languages - Kinyarwanda, Kirundi (the native language of Burundi), Danish, French and English.  Many of these documents are also handwritten and will pose some of the same difficulties described above.

Additional documentary evidence related to this matter stems from a similar criminal matter pending in Finland.  As this Court is aware, on February 13, 2009, at the government's request, this Court issued a formal letter rogatory to the government of Finland requesting that

---

[1] For example, this Court's language coordinator was unable to locate a translator for the defendant's initial appearance and arraignment despite concerted efforts to do so over several weeks.  With the agreement of the defendant, the government's interpreter was used, in conjunction with one of the defendant's family members for those court appearances.

[2] The government plans to produce these documents in discovery in the near future. The time needed as described above is to allow both the government and the defendant to digest and understand the documents.

the relevant information be transmitted to the United States.[3]  While the government expects that most of the Finnish evidence will be in English, additional time will be necessary to digest the evidence once it is received.

In addition to the challenges posed by documentary evidence in this case, both parties face significant challenges in working with witnesses overseas.  Language barriers and cultural differences mean that finding skilled interpreters with significant time to devote to this case will be critical.  In addition, many witnesses lack travel documents and appropriate personal effects for travel to the United States.  The government is considering the possibility of moving for foreign depositions to address some of the difficulties posed by the fact that most witnesses will be beyond the subpoena power of this Court.  Prior to making such a motion, however, both the government and defense counsel need time to assess the documents described above and determine which witnesses might be critical but unavailable for trial.

In sum, the logistical hurdles posed by the existence of evidence in numerous languages and witnesses in foreign countries militate in favor of an extended schedule in this case.

### B.      Novel questions of Fact and Law

So far as the government is aware, this case is the first U.S. criminal prosecution involving proof of the crime of genocide.  Novel questions of the law as applied to the facts of this case are highly likely.  In addition, the case will require proof of the law in Rwanda in order to prove that the defendant committed a crime in Rwanda for which he was not arrested and

---

[3]      Concurrent with this motion, the government is filing a motion to exclude any time accumulated on the speedy trial clock to date based on the issuance of the letter rogatory pursuant to 18 U.S.C. § 3151(h)(9) which allows for the exclusion of all time up to one year if a request for foreign evidence is pending.

failed to disclose that fact, as alleged in Count I of the Indictment.  These novel questions, for which no U.S. law precedent has yet been found weigh in favor of allowing additional time for trial preparation.

### III.   CONCLUSION

For the reasons set forth above, the government requests that this case be designated complex, that an additional eight months be granted to complete the discovery process, that the current trial date be vacated and that a status conference be scheduled for on or about January 15, 2010 to assess the case posture at the conclusion of that period.

Respectfully submitted,

s/Christina Giffin
CHRISTINA GIFFIN
Office of Special Investigations
Criminal Division
Department of Justice
1301 New York Ave. N.W., Suite 213
Washington, DC 20005
(202) 616-2529
Christina.Giffin@usdoj.gov

Date: May 8, 2009

CERTIFICATE OF MAILING

I hereby certify that on May 8, 2009, I electronically filed the foregoing Entry of Appearance with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Kurt P. Kerns
Ariagno, Kerns, Mank & White, L.L.C.
328 N. Main Street
Wichita, KS 67202
*Attorney for Defendant*

    s/Christina Giffin
    CHRISTINA GIFFIN