# UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**MONTI L. BELOT**
**Judge**

111 U.S. Courthouse
401 N. Market
Wichita, Kansas 67202
(316) 269-6519

June 2, 2009

ALL COUNSEL OF RECORD

    Re: United States v. Kobagaya, Case No. 09-10005-01

Dear Counsel:

    The purpose of this letter is to let you know what I expect to be accomplished at the June 15 status conference. Government counsel who will try the case must be present, as must defendant. Attendance by a representative of the U.S. Attorney's office is optional unless he or she will actually participate in the preparation and trial of this case.

    I have reviewed the indictment and the submissions which suggest that this case should be designated as complex. Whatever may be the legal purpose of such a designation, it has been my experience that the practical result is to turn over management of the case to the lawyers, which inevitably results in delay. In some cases this is not a big problem, e.g., white collar cases involving corporations and individual defendants who are not a flight risk or a danger to the community. This case appears to be different. Defendant is elderly and, I am informed, not in good health. Based on the allegations in the indictment and in your submissions (Docs. 27, 28 and 30), some evidence and presumably certain key witnesses are located outside the United States. Some documentary evidence requires translation. The government asserts that there are "novel questions of fact and law" but does not explain what they are. There is some sort of on-going investigation/prosecution in Finland, although defendant is not charged there. In other words, I saw no good reason to grant the request to suspend, in effect, my involvement until January 2010, when the case's "posture" would be assessed, whatever that might mean (Doc. 27 at 5).

    The General Order of Discovery and Scheduling was filed on April 28 (Doc. 9). Compliance with that order will be the rule. I recognize that exceptions may have to be made but when they're applied for, good cause will have to be shown. Agreement of the parties will <u>not</u> be sufficient; in my years on the bench I've never seen a defendant who disagreed with a government motion for more time. No defendant wants to go to trial. Also, you should take a look at Fed. R. Crim P. 2. Where appropriate, I will use Rule 2 to move the case.

    Now, as to the June 15 conference, I expect the government to do the following:

1. Provide a preliminary list of witnesses which includes their location (if outside the U.S.) and a brief summary of each witnesses's expected testimony.

2. Provide a summary of what is contained in the "7000 pages" of documents, how many are not in English, a progress report on translation and, in general, a status report on evidence disclosure to defendant.

3. Provide assurance that the disclosures set forth in Doc. 30, p. 3, will be complied with on the dates specified. The government should understand and, if necessary, make Finnish authorities understand, that I have my own responsibilities under our Constitution and laws which cannot be subjugated to whatever is going on in Finland.

4. Provide a more detailed explanation of the "novel questions of fact and law" and how these will be presented to the court for ruling.

5. Provide an estimate regarding the length of the government's case-in-chief.

Turning to defendant, Jamie Haig tells me that Mr. Kerns says he does not plan to use the interpreter arranged for him by Mrs. Haig to assist in communicating with defendant. I am not sure what this means. Does defendant speak English well enough to communicate? If not, who will interpret communications between Mr. Kerns and defendant? Family members? I recognize that the communications themselves are privileged but I am required to ensure that defendant is able to assist in his own defense. I will expect assurances from both Mr. Kerns and defendant that they are able to communicate. In addition, I will expect a report from Mr. Kerns regarding his discovery/trial preparation requirements, including time needed, as well as any motions which he plans to file; e.g. to suppress or directed to the charge.

It is my intention to set a firm trial date. This would seem to be especially appropriate if witnesses must come to the United States to testify.

I invite counsel to raise any problems and areas of concern which bear on moving this case to trial or other disposition.

Counsel must submit the information required herein by letter or email no later than June 12.

I look forward to seeing you on June 15.

Very truly yours,

s/ Monti Belot

Monti L. Belot

MLB/sw