IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LAZARE KOBAGAYA, )<br>)<br>Defendant. )<br>_____ ) | Case No. 09-10005-01-MLB |

### GOVERNMENT OPPOSITION TO DEFENDANT'S
### MOTION FOR A BILL OF PARTICULARS

The Government respectfully opposes the defendant's Motion for a Bill of Particulars (hereinafter Def's Mot.). Defendant requests a laundry list of information which overall amounts to a request for comprehensive description of the government's evidence in support of its case. Defendant is not entitled to discovery of that kind in any case, and certainly not in this case in which the government has provided a detailed indictment, and extensive discovery including a June 12, 2009 letter that summarized the testimony of prospective witnesses. Accordingly, the defendant's motion should be denied.

**DISCUSSION**

"A bill of particulars may not be used to compel the Government to disclose evidentiary details or 'to explain the legal theories upon which it intends to rely at trial." *United States v.*

1

*Gabriel*, 715 F.2d 1447, 1449 (10th Cir. 1983) (citations omitted).[1]  If an indictment "sets forth the elements of the offense charged and sufficiently apprise[s] the defendant of the charges to enable him to prepare for trial" a bill of particulars should be denied.  *United States v. Dunn,* 841 F.2d 1026, 1030 (10th Cir. 1988); *see also United States v. Ivy*, 83 F.3d 1266, 1281 (10th Cir. 1996); *United States v. Levine*, 983 F.2d 165, 167 (10th Cir. 1992).  Typically, an indictment that sets forth the charge using the statutory language of the offense is sufficient.  *United States v. Salazar*, 720 F.2d 1482, 1486 (10th Cir. 1983).  Charges that are "particularized to a degree beyond customary expectation" provide an additional basis on which to deny a motion for a bill of particulars.  *United States v. Wright*, 826 F.2d 938, 944 (10th Cir. 1987).  "It is not the function of a bill of particulars 'to disclose in detail the evidence upon which [the government] will rely at trial." *Id.* (citing *United States v. Barbieri,* 614 F.2d 715, 719 (10th Cir. 1980).

In cases in which the government has provided extensive discovery of the evidence it plans to use at trial, motions for bills of particulars are routinely denied.  *See, e.g., Gabriel*, 715 F.2d at 1449; *Ivy*, 83 F.3d at 1282; *United States v. Kunzman*, 54 F.3d 1522, 1526 (10th Cir. 1995).  It is the defendant's responsibility to prepare his case, once the government's discovery is produced.  *Ivy*, 83 F.2d at 1282.  A trial court has discretion to deny motions for bills of particulars and its "decision will not be disturbed if the indictment is sufficient to enable the

---

[1] Language in other 10th Circuit cases notes that while a defendant is not entitled to all the evidence upon which the government will rely at trial, the defendant is entitled to know "the *theory* of the government's case." *See, e.g., United States v. Dunn*, 841 F.2d 1026, 1030 (10th Cir. 1988) (citations omitted) (emphasis in original).  This varying case language can be reconciled by understanding it to indicate that the defendant is entitled to know the theory of the case (i.e., the way in which the defendant violated the statute at issue) but not the details of the evidence that will be used to prove that theory.

defendant to prepare a defense, to avoid prejudicial surprise at trial, and to bar the risk of double jeopardy." *Gabriel*, 715 F.2d at 1449 (citation omitted).

In this case, the government's indictment goes well beyond tracking the language of the statutes the defendant is charged with violating. The indictment provides specific details about the manner in which the defendant unlawfully obtained his citizenship and used and possessed a fraudulently obtained alien registration card - listing the exact statements made by the defendant which the government will prove were false. *See* Indictment, ¶¶ 3, 6-10, 14-15. The indictment then goes further and provides details about the manner in which the government will prove that the relevant statements made by the defendant were false. *See* Indictment, ¶¶ 6.a-e. The allegations in paragraphs 6.a.-e. include details about the place and time of the events at issue.[2] This level of detail goes well beyond the basic mirror of the statutory language that has been consistently held to be sufficient to overcome a motion for a bill of particulars.

The government has also been forthcoming in providing discovery to aid the defendant's preparation of his case. To date, the government has made four productions which include more than 3000 documents, photographs and digital recordings. The productions have included gacaca records gathered by the US government in Rwanda, the defendant's alien file, forty-five audio

---

[2] Some of specific requests for additional details made in the defendant's motion are unreasonable and would not serve to provide the defendant with more specific information. For example, the motion requests, *inter alia*, "the specific location within Ruhuka" that a specific event occurred. *See* Def.'s Mot., Request 5. Lazare Kobagaya lived in the area at issue for more than 20 years and is therefore in a position to know that Ruhuka was a small kiosk located at the bend of the road leading out of the village in which he lived until the time he fled Rwanda. Asking for further specificity about this location is akin to asking for more specificity about the location known as "the corner of First and Main St."

recordings of witness interviews,[3] transcripts of seventeen of those recordings, reports of investigation written by a case agent, materials supplied by Finnish investigators, two expert reports and related materials, and other miscellaneous relevant documents. If all of this material had been produced in hard copy (rather than in electronic form), the government estimates it would constitute approximately ten to twelve boxes of material.

Many of the produced documents are in foreign languages. The government has supplied the defendant with translations of documents as they have become available. In each case, the government has produced the translation alongside a reproduction of the original document as originally produced in order to ensure the defendant can correlate the translations and original documents.

This case is, no doubt, complicated. However, as in *United States v. Ivy*, the defense is responsible for preparing its case rather than attempting to shift that responsibility to the government. 83 F.3d at 1282. The defendant's professed inability to ascertain the information he seeks in the materials provided, *see* Def.'s Mot. At 4 n.1, does not weigh in favor of granting his motion.

Finally, over and above the copious information provided within the indictment and through discovery, defendant has the benefit of the government's June 12, 2009 letter and appendix in which, at the Court's direction, the government provided summaries of the testimony of the government's potential witnesses. This letter, in conjunction with the other information available to the defendant, provides a more than ample basis for him to prepare his defense and

---

[3] As agreed with the defendant, witness names have been redacted from interview recordings, transcripts and reports of investigation in order to protect the security of the witnesses in the months prior to trial.

avoid surprise at trial.  Defendant's conclusory statements to the contrary do not provide a basis on which to grant the motion at bar.

      The government therefore requests that the Court deny the defendant's motion.

          Respectfully submitted,

          s/Christina Giffin
          CHRISTINA GIFFIN
          Office of Special Investigations
          Criminal Division
          Department of Justice
          1301 New York Ave. N.W., Suite 200
          Washington, DC 20005
          (202) 514-5792
          Christina.Giffin@usdoj.gov

Date: August 17, 2009

## CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2009, I electronically filed the foregoing Government's Opposition to Defendant's Motion for a Bill of Particulars with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Kurt P. Kerns
Ariagno, Kerns, Mank & White, L.L.C.
328 N. Main Street
Wichita, KS 67202
*Attorney for Defendant*

s/Christina Giffin
CHRISTINA GIFFIN