IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | **CRIMINAL ACTION** |
| ) | |
| v. ) | No.  09-10005-MLB |
| ) | |
| LAZARE KOBAGAYA, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER

This case comes before the court on defendant Lazare Kobagaya's motion to dismiss the indictment. (Doc. 105)  The motion has been fully briefed and is ripe for decision. (Docs. 117, 127).  The motion to dismiss is denied for the reasons herein.

### I.    BACKGROUND

Defendant is a United States citizen charged with making several material false statements in his Application for Naturalization and alien registration card in which he allegedly concealed his whereabouts and culpability in connection with the Rwandan Genocide. (Doc. 1).  The fraudulent conduct alleged in the indictment took place in the United States.  However, the underlying facts that comprise the lie are alleged to have occurred in Rwanda.

Defendant details several examples of the inhumane treatment of Rwandan prisoners.  In order to escape and/or avoid these types of conditions, defendant asserts that many Rwandans falsely accuse other individuals of participating in the genocide. Defendant also asserts that many Rwandans essentially have no freedom of speech as a result

of the prison conditions and justice system in Rwanda.  As a result, defendant concludes that the government's witnesses in this case are unreliable and further that he will face difficulty locating and bringing witnesses to trial to testify on his behalf.

**II.  ANALYSIS**

Defendant alleges that his Fifth Amendment Due Process rights are being violated as a result of what he styles as a fundamentally unfair investigation and prosecution.  The government responds that defendant "[i]s unable to identify any nexus between the wrongdoing he alleges and his own case[] and ... unable to point to any wrongdoing on the part of the Government."  (Doc. 117 at 1).

"[A] fair trial in a fair tribunal is a basic requirement of due process."  United States v. LaVallee, 439 F.3d 670, 681 (10th Cir. 2006) (quoting In re Murchison, 349 U.S. 133, 136 (1955)).  Conduct by the government that is so outrageous that it denies the defendant a fundamentally fair trial, violates the due process protections afforded to those criminally charged in the United States.  See United States v. Russell, 411 U.S. 423, 432 (1973).  Governmental interference with defense witnesses can violate the defendant's due process rights.  United States v. Serrano, 406 F.3d 1208, 1215 (10th Cir. 2005) ("[T]he government cannot substantially interfere with a defense witness's decision to testify.").  Regardless, the Fifth Amendment Due Process Clause applies only to United States government actors and prosecutions in the United States.  See United States v. Gecas, 120 F.3d 1419, 1430 (11th Cir. 1997) (concluding that "the United States Constitution places no restraints at all on a foreign government's treatment of its own citizens who have allegedly

committed foreign crimes abroad."); see also In re Nigro, 555 F. Supp. 65, 67 (D. Colo. 1982).

The court agrees with the government that defendant has not shown any prejudice directly related to his case. There is no evidence supporting defendant's claims that the "United States is serving as a conduit for the Rwandan government to investigate and prosecute ..." defendant (Doc. 105 at 1) or that there is an "agency relationship" between the two governments (id. at 19). There is no evidence that this case was undertaken "[a]t the behest of the Rwandan government...." (id. at 20).

Defendant's appointed counsel has traveled to Africa several times to investigate the case and interview potential witnesses. Defendant has the assistance of a government-paid investigator, who has also worked in Africa. Nevertheless, defendant has presented no evidence that particular defense witnesses, if any, are afraid of persecution by the United States government. Nor has defendant identified any witness who has refused to testify in this court about defendant's case. Defendant has not alleged, much less shown, that the U.S. government's conduct is outrageous such that it shocks the conscience and has resulted in the fundamentally unfair prosecution of defendant. See United States v. White, No. 3:05 CR 234 WHA, 2006 WL 752929, at *3 (M. D. Ala. Mar. 22, 2006) (stating that a defendant relying on the defense of outrageous conduct "must show actual prejudice to warrant dismissal of an indictment with prejudice[]"). Indeed, based upon representations made to the court, the U.S. government has been, and will be, helpful to defendant in terms of arranging for defense witnesses to be brought to the United States for

trial.

It may, or may not, be that the Rwandan government(s) have been or are corrupt or otherwise deficient in the ways described by defense counsel and in the affidavit of defendant's witness, Professor Filip Reyntjens.  But carried to its illogical conclusion, defendant's argument would mean that no person who comes to the United States from a country with a corrupt government could ever be held to answer for obtaining citizenship by false representations.

The court finds that dismissal of the indictment is not appropriate.  Defendant may submit additional evidence related to his motion to dismiss, if any, at a later time.

### III. CONCLUSION

As a result of the above analysis, defendant's motion to dismiss (Doc. 105) is denied, without prejudice.


IT IS SO ORDERED.

Dated this  5th  day of May 2010, at Wichita, Kansas.


                                    s/ Monti Belot
                                    Monti L. Belot
                                    UNITED STATES DISTRICT JUDGE