**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | **CRIMINAL ACTION** |
| v. | ) | No. 09-10005-MLB |
| LAZARE KOBAGAYA, | ) | |
| Defendant. | ) | |

**ORDER**

This case comes before the court on defendant's motion to take the deposition of Dr. Filip Reyntjens. (Doc. 196). The motion has been fully briefed and is ripe for decision. (Doc. 204).

Dr. Reyntjens currently resides in Belgium and is an expert in the history, law and politics of Rwanda. According to defense counsel, Dr. Reyntjens is not willing to travel to the United States to provide live expert testimony but is only willing to provide a deposition in Belgium. Defendant asserts that there are exceptional circumstances which would allow for the taking of the deposition pursuant to Fed. R. Crim. P. 15. The government objects.

**Analysis**

Rule 15 provides that a "party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice." "Prior to the 1975 amendments, a deposition could be taken pursuant to Rule 15(a) under the following circumstances: (1) the witness' testimony was material; (2) the witness would be unavailable to testify; and (3) taking the deposition

was necessary to prevent a failure of justice." <u>United States v. Fuentes-Galindo</u>, 929 F.2d 1507, 1509 (10th Cir. 1991). Even though the rule does not require a showing of unavailability and materiality, the Tenth Circuit still considers the factors in part when deciding exceptional circumstances. <u>Id.</u>

The first consideration is the witness's unavailability to testify as a witness at trial. A potential witness is unavailable for purposes of Rule 15(a) when "the proposed deponent is beyond the subpoena powers of the United States and has declared his unwillingness to testify at trial." <u>United States v. Ramos</u>, 45 F.3d 1519, 1523 (11th Cir. 1995). Dr. Reyntjens is outside of the United States. Defendant's counsel represent that Dr. Reyntjens refuses to enter the United States to testify in this case. While the court accepts counsels' statements that Dr. Reyntjens has told <u>them</u> that he will not come to the United States, he has made no such representations to the court. Notwithstanding his professional duties in Belgium, Dr. Reyntjens travelled to the United States in late 2009 for a five-city book tour to promote sales of <u>his</u> book. Whether he has been or will be in the United States in 2010 and 2011 is unknown. Although Dr. Reyntjens has qualifications which presumably would permit him to give material testimony in this case, there is nothing before the court to suggest that he is the only person in the world able to give material expert testimony about Rwanda. Rather, he's simply the expert witness defense counsel would like to use.

Therefore, the court declines to rule at this time regarding a deposition of Dr. Reyntjens unless and until Dr. Reyntjens provides a written statement which outlines his travel plans outside Belgium

for the remainder of 2010 and through June 2011.  If applicable, the statement must state that Dr. Reyntjens will not be present in the United States during that period for any reason and the reasons why he is unwilling to come here.  The statement must be made pursuant to 28 U.S.C. § 1746(1).

In addition, counsel must satisfy the court that they have tried, without success, to find one or more other witnesses to give testimony in the nature of that proposed to be given by Dr. Reyntjens. The court is mindful that Dr. Reyntjens' proposed testimony is in the nature of historical background.  He admittedly knows nothing about whether Mr. Kobagaya did, or did not, participate in the so-called Rwanda genocide or anything regarding the specific charges in this case.  If counsel have not searched for other witnesses, the court expects them to do so.  Counsels' report may be made <u>in camera</u>, to Judge Bostwick at counsels' option, but it must be made on or before October 29, 2010.  The report must specify the names of the individuals contacted and their availability to serve.

Defendant's motion will be taken under advisement until the requirements set forth herein are completed.

IT IS SO ORDERED.

Dated this <u> 16th </u> day of September 2010, at Wichita, Kansas.

<u>s/ Monti Belot</u>
Monti L. Belot
UNITED STATES DISTRICT JUDGE