IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-10005-01-MLB |
| ) | |
| LAZARE KOBAGAYA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR A ONE WEEK CONTINUANCE OF JURY TRIAL**

Defendant has moved the Court for a one week continuance of trial on the grounds that it received today additional documents from the Government. Defendant's counsel asserts that the production of this material will cause them additional work and justifies a one week delay of trial. Defendant's arguments are without merit. With the exception of a 10-page chart that the Government just obtained from Rwandan officials providing criminal histories for government and defense witnesses, little, if any, of the material provided the defense was discoverable.

Moreover, very little of the material produced is actually new. The vast majority of the material the Government provided consists of translations into English of material *already* provided to the defense in either Kinyarwandan or Finnish form. The material was previously provided to the defense, most of it over six (6) months ago, some of it years ago. In preparation for trial, the Government sought to have some of the material translated and is sharing this information with the defense. Far from causing defense counsel more work, the provision of

these documents in translated form can reasonably be expected to save defense counsel a great deal of time and labor as they prepare for trial. The Government was under no obligation to provide the defense with these translations. Defendant's attempt to use the provision of this material as an excuse for delay is disappointing.

Besides the newly obtained 10-page Criminal History Chart, the only new documents provided to the defense are 11 brief reports by government investigator Thomas Fusi, constituting a total of 31 pages and reporting on phone conversations with Government witnesses. These reports contain no information pertaining to the Government's allegations against Kobagaya. Rather, they detail conversations pertaining almost exclusively to the Government witnesses' knowledge of various defense witnesses. This information is not the subject of the witnesses' testimony, is not discoverable pursuant to Federal Rule of Criminal Procedure 16, and does not constitute "statements" of the witnesses and, therefore, is not required under the Jencks Act, 18 U.S.C. § 3500. At a total of 31 pages, reviewing these materials will hardly cause defense counsel any significant additional work. Contrary to Defendant's assertions, the Government's decision to provide this material - voluntarily - will not cause a miscarriage of justice and does not provide a proper basis for delaying trial.

For the foregoing reasons, Defendant's motion for a continuance is without merit and should be denied.

Respectfully submitted,

LANNY A. BREUER
Assistant Attorney General
Criminal Division

s/Steven C. Parker
STEVEN C. PARKER DC 457239
Senior Trial Attorney
(202)-616-2529
Steve.Parker2@usdoj.gov

CHRISTINA GIFFIN, DC 476229
Senior Trial Attorney
(202) 514-5792
Christina.Giffin@usdoj.gov

ROBERT G. THOMSON
Deputy Chief
(202) 514-5792
Robert.Thomson@usdoj.gov


Criminal Division
Department of Justice
Human Rights & Special Prosecutions
John C Keeney Bldg., Suite 200
10th & Constitution Ave., N.W.
Washington, DC 20530

Date: April 15, 2011

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2011, I electronically filed the foregoing Government's Reply in Opposition to Defendant's Motion for a Continuance with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Kurt P. Kerns
Ariagno, Kerns, Mank & White, L.L.C.
328 N. Main Street
Wichita, Kansas 67202
*Attorney for Defendant*

Melanie S. Morgan
Morgan Pilate LLC
142 N. Cherry Street
Olathe, Kansas 66061
*Attorney for Defendant*

s/ Steven C. Parker
STEVEN C. PARKER