IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
        Plaintiff,

v                                     Case No. 09-10005-01-MLB

LAZARE KOBAGAYA
        Defendant.
_____

## MOTION TO PROTECT DEFENSE WITNESSES

The defendant Lazare Kobagaya, by and through his undersigned counsel, moves this Court for an order protecting the defense witnesses from interference and intimidation by three unknown, unchecked, and unqualified Rwandan Tutsi citizens that the Government has indicated it will be flying over and placing in the defense witness hotel during the course of travel and trial. In support thereof, the Court is advised of the following:

1. On April 7, 2011, defense counsel was advised that the Government was instructed by some unknown superior to advise the defense that the Government intended to fly in from Kigali, Rwanda three Rwandan citizens chosen by the case agent prosecuting this case "to help" the defense witnesses.

2. The "escorts" were represented as Rwandans who would "assist during these times with mundane tasks. For example, the escorts will be able to assist with everyday chores such as reading menus and communicating other basic needs…"

3. After defense counsel advised essentially, "Thanks but no thanks", defense counsel was advised the previous representation was mistaken and in truth these are three Rwandans

1

who will act as "security."

4. A telephone call then ensued between respective counsel where the Government represented that Mark Larkin, the Department of Homeland Security government case agent, picked three "Rwandan students" that had assisted DHS/ICE with scanning Gacaca records.

5. When defense counsel inquired if they were Tutsi or Hutu, Government counsel respond that he "didn't bother to ask." When inquiring if background or security checks were made, the Government never responded. When asked if these three "students" were already advised they would be watching just the "defense witnesses", thereby compromising the identity of who is a defense and who is a prosecution witness; the Government believed they "may have already been told" they would be watching defense witnesses and "would check and get back with defense counsel."

6. Finally it was represented that these three "students" would not even be placed in the same hotel as the defense witnesses. Contrary to that representation, yesterday counsel confirmed that three reservations had been made for these three Rwandans in the defense witness hotel.

7. When counsel inquired once again last night, as no response from the Government had been made, counsel received the response, "We are bringing them in so file your motion. They will be interpreters for the security team."

8. Counsel reiterates that the parties have gone to great lengths to make no distinction between defense and prosecution witnesses in order to facilitate the likelihood that both types of witnesses would arrive safely in the United States and be able to return to

      Rwanda without compromise of their safety. The risks associated with advising the Rwandan Government who is and who is not a defense witness are well documented. Every document the Rwandan Government now has in its possession is simply an alphabetical list of all witnesses.

9. This case is in Rwandan news and being reported by the official newspaper in Rwanda. To fly over to the United States three "escorts, "helpers" or now "security interpreters" is a reckless, not to mention unnecessary risk to defense witnesses.

10. No defense witness has agreed to testify while under the scrutiny of three Rwandan citizens from Kigali.

11. The defense investigators, both of whom speak Kinyarwanda, will be staying at the hotel with the witnesses.  In the unlikely event that one of them is not there in case there is something that needs to be communicated to the witnesses, there are court interpreters that could be used.  Alternatively, if the government feels compelled to pay for someone who speaks Kinyarwanda to be available personally (rather than by phone), the defense needs to be involved in the selection of the individual who will be in the midst of these witnesses for the next couple of months.  Choosing individuals about whom we have no background information, that the government has been 100% unwilling to provide background information, are not U.S. citizens can not reasonably be said to provide security.  To the contrary, it puts the defense witnesses at risk.

12. Counsel believes that the reason the government keeps referring to these escorts for security is in order to obtain the necessary authorization for funding under 28 U.S.C. 530C(b)(3) which authorizes personnel to accompany witnesses if for "security".

It is simply unfathomable that the Government ever thought this maneuver would be approved by the defense or its witnesses.  Because the parties are unable to reach a resolution on this issue, the defense requests this Court enter an Order prohibiting Rwandan citizens from serving as escorts, interpreters, or helpers with the defense witnesses in this case.  Alternatively if the Court feels helpers are necessary, the defense requests that the defense be involved in the selection process, that Rwandan citizens and/or residents be disqualified AND that these individuals not be housed at the same location but simply be available on call.

Respectfully Submitted,

ARIAGNO, KERNS, MANK & WHITE, LLC.

/s/ Kurt P. Kerns
_____
By: Kurt P. Kerns, KS No. 15028
328 N. Main Street
Wichita, KS 67202
Telephone: 316-265-5511
E-mail: kurtpkerns@aol.com

And

/s/ Melanie S. Morgan
_____
By:     Melanie S. Morgan, KS No. 16088
Morgan Pilate LLC
142 N. Cherry Street
Olathe, KS 66061
Telephone: 913-829-6336
E-mail: mmorgan@morganpilate.com

Attorneys for Lazare Kobagaya

**CERTIFICATE OF SERVICE**

      I, Melanie S. Morgan, do hereby certify that a true and accurate copy of the foregoing was served on opposing counsel and counsel of record by the ECF system on April 19, 2011.

                                                           __/s/ Melanie S. Morgan_____
                                                           Melanie S. Morgan