**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LAZARE KOBAGAYA, )<br>)<br>Defendant. )<br>_____ ) | **CRIMINAL ACTION**<br><br>No. 09-10005-01 |

## MEMORANDUM AND ORDER

This case comes before the court on the government's motions to exclude defendant's experts. (Docs. 276, 277). The motions have been fully briefed and are ripe for decision. (Docs. 292, 294). The court held a Daubert hearing on April 19.

### I. FACTS AND PROCEDURAL HISTORY

Defendant is charged by indictment filed January 13, 2009 with violations of 18 U.S.C. §§ 1425(a) and 1546(a). The substance of the indictment is that defendant "participated" in the Rwanda genocide of 1994 and then made false statements in connection with his application for citizenship. The citizenship application and statements on which the indictment is based were made in December 2005 and April 2006.

At trial, defendant will be held to answer not just for events which occurred in 2005 and 2006 but, also for events which took place some 17 years earlier in Rwanda. All parties have agreed that expert testimony is necessary for the jury to understand the events that occurred in Rwanda in 1994. However, the parties disagree about the extent of the expert testimony.

Defendant's experts are Brian Endless and Susan Thomson. The

government has moved to strike the entire testimony of Endless and certain aspects of Thomson's testimony.

**A.   Brian Endless**

Brian Endless has a Ph.D. in political science. He is currently a professor at Loyola University in Chicago and teaches international studies. Endless became interested in Rwanda during graduate school and, in 2007, he focused his interest on Rwandan politics. Endless has taught a course on world wide genocide, has been a speaker on panels discussing genocide in Rwanda and authored literature on Rwanda. Endless has also had a number of discussions with survivors of the Rwandan genocide. Endless serves as an advisor to the Hotel Rwanda foundation and estimates that he spends a minimum of ten hours a week on Rwandan issues.

Endless has offered opinions concerning the historical events in Rwanda, the current regime and specific circumstances concerning individuals who have been charged with criminal activity. The government moves to strike his entire testimony because it believes that he is not qualified as an expert on Rwanda. The government asserts that his education was focused on international relations and that he "cannot qualify as an expert in Rwanda and its history merely by the possession of degrees in political science." (Doc. 276 at 8).

Rule 702 authorizes a "witness qualified as an expert by knowledge, skill, experience, training, or education" to give opinion testimony. While Endless may not be the most qualified expert who may appear before the jury, he has spent a considerable amount of time studying about (but not in) Rwanda and has co-authored several articles concerning the Rwandan genocide. Endless has also been a

speaker on the issue of the Rwandan genocide on several occasions. Although Endless did not focus his entire graduate education on Rwanda, the rule does not require that his underlying education be the sole basis for his expertise.[1]  The court finds that Endless is sufficiently qualified to give his historical opinions on Rwanda up to and including the 1994 genocide.

### B. Susan Thomson

Susan Thomson, a professor of African Politics, will also testify concerning the events which occurred in Rwanda during 1994.[2]  The government moves to strike portions of Thomson's testimony. Thomson has offered additional opinions about the current Rwandan government, the RPF, the laws in Rwanda and Thomson's personal experience with the reeducation camps. Like Endless, Thomson will be permitted to testify regarding Rwanda through the 1994 genocide

Thomson's opinions regarding Rwandan law will not be heard in the presence of the jury but may be relevant and considered by the court in determining the jury instructions in this case. See Fed. R. Crim. P. 26.1.

But it is Endless's and Thomson's post-1994 testimony and opinions which present admissibility concerns.

## II. ANALYSIS

"Rule 702 sets forth the standard for admission of expert testimony," U.S. v. Fredette, 315 F.3d 1235, 1239 (10th Cir. 2003), and assigns "to the trial judge the task of ensuring that an expert's

---

[1] Notably, the government's expert, Scott Straus, also holds a Ph.D. in Political Science.

[2] The government has not objected to Thomson's qualifications.

-3-

testimony both rests on a reliable foundation and is relevant to the task at hand." Daubert v. Merrell Dow Pharm., 509 U.S. 579, 597, 113 S. Ct. 2786, 2799, 125 L. Ed. 2d 469 (1993). Rule 702 provides that

> [i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. The standards embraced by Rule 702 and Daubert apply equally to scientific testimony and other testimony of a technical nature. Kumho Tire Co. v. Carmichael, 526 U.S. 137, 147-48, 119 S. Ct. 1167, 1174, 143 L. Ed. 2d 238 (1999). A party offering an expert witness bears "the burden of demonstrating to the district court that [the proffered expert is] qualified to render an expert opinion." United States v. Nacchio, 519 F.3d 1140, 1171-72 (10th Cir. 2008); see also Ralston v. Smith & Nephew Richards, Inc., 275 F.3d 965, 970 (10th Cir. 2001). Still, the court's "gatekeeping" role favors admissibility of expert testimony when it is reliable, relevant and helpful to the jury. Burton v. R.J. Reynolds Tobacco Company, 183 F. Supp. 2d 1308, 1311 (D. Kan. 2002). Indeed, exclusion of expert testimony is the exception, not the rule. See Advisory Committee Notes concerning the amendment to Rule 702 (noting that "a review of the case law after Daubert shows that the rejection of expert testimony is the exception rather than the rule.")

But the long line of Daubert/Kumho Tire cases does not fully resolve the admissibility issues here. It bears repeating that this is a criminal case which, to the extent it involves Rwanda, concerns

events which occurred there in 1994, not thereafter. The court has not restricted either the government's or defendant's designated experts from testifying regarding those events because they are relevant and material to the crimes charged. In other words, the evidence is res gestae. United States v. Kimball, 73 F.3d 269, 272 (10th Cir. 1996).

What is happening in Rwanda today obviously is not res gestae. The court is not yet persuaded that the current political situation in Rwanda is relevant, much less that it will be helpful to the jury or otherwise admissible. Therefore, the court will hear the testimony of all defense witnesses, in particular those who are fact witnesses from Africa, and then will determine whether, and to what extent, Endless and/or Thomson may testify to matters other than Rwanda history through 1994.

Counsel are not to mention in opening statement anything about the current situation in Rwanda.

**III. Conclusion**

The government's motion to exclude the testimony of Brian Endless (Doc. 276) is denied in part and taken under advisement in part. Similarly, the government's motion to exclude the testimony of Susan Thomson (Doc. 277) is denied in part and taken under advisement in part.

IT IS SO ORDERED.

Dated this ___25th___ day of April 2011, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE